GENERAL MOTORS OVERSEAS DISTRIBUTION CORP., peticionaria, *v.* DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, demandado y recurrido.

*Número:* O-82-615    *Resuelto:* 28 de febrero de 1983

*Francisco Ponsa Flores*, abogado de la peticionaria; *Tadeo Negrón Medero*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Este caso se inició por querella formulada ante el Departamento de Asuntos del Consumidor (DACO) el 29 marzo, 1979 por Ramón Castro López-Vías asistido de abogado, contra el vendedor de un Buick nuevo que resultó tener un motor Chevrolet y otros defectos. El 14 marzo, 1980 DACO dictó resolución en que dispuso el cierre y archivo de la querella por ausencia sin excusa del querellante de la vista administrativa convocada para el 14 febrero, 1980. El querellante presentó moción de reconsideración el 21 marzo del mismo año basada en que su abogado no fue notificado del señalamiento para la vista del 14 febrero, y que la notificación dirigida al propio querellado le llegó después de la vista porque se encontraba "fuera de su hogar". No es hasta el 26 junio, 1980 —97 días después— que DACO resolvió reconsiderar y restableció la querella que señaló nuevamente para vista. El 3 julio, 1980 la General Motors Overseas Distribution Corp. ya incluida como querellada adicional, recurrió en revisión administrativa ante el Tribunal Superior fundada exclusivamente en la ausencia de facultad en DACO —una vez transcurridos 30 días desde que fue radicada la moción de reconsideración— para reabrir y reinstalar la querella que había archivado.

El 1° septiembre, 1982 el Tribunal Superior dictó sentencia por la que denegó la expedición del auto fundado en que el término de treinta días dispuesto en el Art. 16 de la Ley Orgánica de DACO (3 L.P.R.A. sec. 341o) para decisión por el Secretario o su delegado de la solicitud de reconsideración, es directivo, más bien que mandatorio, y que no puede atribuírsele carácter jurisdiccional por no autorizarlo el lenguaje del estatuto.

Al recurso de *certiorari* de la querellada General Motors notamos incompatibilidad entre la excesiva tardanza en resolver una moción de reconsideración y el manifiesto interés legislativo en la pronta atención a reclamaciones de consumidores y requerimos tanto de DACO como del querellante recurrido mostrar causa por la que no deban anularse tanto la sentencia en revisión como la resolución de DACO, e impartir eficacia a lo ordenado en el citado Art. 16: que "se entenderá No Ha Lugar [*sic*] a la reconsideración solicitada" si el Secretario no actúa sobre la misma en treinta días. El Departamento no respondió. La parte querellante interesada Castro López-Vías presentó un escrito-contestación el 10 enero, 1983, con énfasis en los méritos de la decisión de reinstalar la querella toda vez que no se había cumplido con el requisito de audiencia previa citación adecuada. A su vez impugna la jurisdicción del Tribunal Superior para conocer del recurso de la querellada General Motors por haber ésta recurrido sin antes solicitar reconsideración, cuestión abstracta, carente de finalidad y energía procesal, pues según más adelante resolvemos, si DACO había perdido la jurisdicción para resolver, ¿cómo podía recuperarla para entender en incidentes sucesivos?

Los Arts. 16 y 17(a) de la Ley Orgánica del Departamento de Asuntos del Consumidor (3 L.P.R.A. sec. 341o y 341p(a) ordenan:

Sec. 341o.  *Decisiones del Secretario, reconsideración*
Cualquier parte adversamente afectada por la decisión del Secretario, o del funcionario que éste designe a tenor con el

inciso (d) de la sección 341e de este título, en un procedimiento de naturaleza cuasi judicial o cuasi legislativa deberá, salvo en los procedimientos radicados por la Oficina de Asuntos Monopolísticos, solicitar dentro del término de diez (10) días a partir de la fecha de notificación de la decisión, la reconsideración del Secretario. *El Secretario tendrá treinta (30) días para decidir la reconsideración solicitada, pasados los cuales, si no ha emitido su decisión se entenderá No Ha Lugar a la reconsideración solicitada,* disponiéndose que el Secretario notificará tal hecho a la parte afectada. (Énfasis nuestro.)

Sec. 341p. *Revisión judicial de decisiones*

(a) Cualquier parte adversamente afectada por una decisión en reconsideración del Secretario o del funcionario que éste designe a tenor con el inciso (d) de la sec. 341e de este título podrá solicitar la revisión judicial de dicha decisión al Tribunal Superior del Estado Libre Asociado de Puerto Rico, en la Sala del Tribunal Superior correspondiente a la residencia del perjudicado, mediante un recurso emitido por el Tribunal a su discreción. La solicitud de revisión deberá ser radicada ante el Tribunal Superior dentro de los *quince (15) días* a partir de la fecha de la notificación de la referida decisión. (Énfasis nuestro.)

Treinta días fue también el término fijado al Secretario para "decidir la reconsideración" en el campo de control de precios por Ley Núm. 87 de 26 junio, 1974, L.P.R., pág. 329 y ss., en la que se le proveyó un auxiliar ejecutivo para aligerar el despacho, invocándose en la exposición de motivos el elemento de rapidez para implementación eficaz de la política pública; se aclaró "que la reconsideración es de carácter *jurisdiccional* y aplicable tanto a decisiones cuasi judiciales como las cuasi legislativas" y al reescribir en esa forma el Art. 16 de la Ley Orgánica original Núm. 5 de 23 abril, 1973, L.P.R., pág. 25, declara que de no actuar el Secretario dentro de los 30 días se entenderá denegada la reconsideración.

Esa misma insistencia legislativa en la solución pronta y expedita está presente en la exposición de motivos de la Ley Orgánica de 1973, *supra*, págs. 16–18, donde se dice:

Puerto Rico ha entrado de lleno en "la sociedad del consumo"; a donde el interés del consumidor se identifica con el interés público. Sin embargo, a pesar de la posición de importancia que ocupa el consumidor, frecuentemente se ignoran sus problemas o pasan inadvertidos o las soluciones y *remedios son tardíos*. (Énfasis nuestro.)

. . . . . . . .

Es por ello necesario e imperativo crear una estructura, de la más alta jerarquía, a nivel de gabinete, con el objeto de garantizar al consumidor la debida atención a sus problemas y para efectuar una mejor coordinación de los recursos disponibles al gobierno en el desarrollo e implementación de una política pública.

. . . . . . . .

El nuevo Departamento de Asuntos del Consumidor será una agencia especializada con personal profesional y técnico altamente competente, para poder vindicar los derechos del consumidor en una forma agresiva y firme. . . .

█ Se ratifica el término de 30 días para resolver el Secretario en el Art. 16 de la Ley enmendatoria Núm. 71 de 23 junio, 1978, L.P.R., pág. 255, con igual advertencia de denegatoria implícita de la solicitud de reconsideración si el Secretario no toma acción.

█ La rapidez exigida por ley en la tramitación y decisión por DACO en asuntos de tan alto interés que como hemos visto se identifica con el interés público y el carácter jurisdiccional que el propio estatuto atribuye al término de reconsideración, allanan la vía de interpretación[1] que es, más bien reconciliación e integración sincrónica de preceptos, conminatorio uno de que el Secretario deberá notificar su decisión a la parte afectada, e imperativo el otro en cuanto a que la parte adversamente afectada deberá radicar la solicitud de revisión ante el Tribunal Superior dentro de los 15 días a partir de la fecha de notificación de la referida decisión. Sostenemos que este término de

---

[1] La temprana decisión por los organismos administrativos es parte del "sistema justo, práctico y flexible para la adjudicación de derechos" que preconizamos en *P.R. Tel. Co.* v. *Tribunal Superior*, 102 D.P.R. 231, 233 (1974).

revisión se cuenta a partir de la fecha de notificación de su decisión por el Secretario de DACO cuando la misma se produce dentro del plazo jurisdiccional de 30 días que el Art. 16 le concede para acoger y resolver la solicitud de reconsideración. Transcurridos esos 30 días sin acción por parte del Secretario se extingue esta facultad para proveer a la reconsideración y comienza ipso facto el término de 15 días para recurrir en revisión al Tribunal Superior. La notificación de decisión por el Secretario es sólo necesaria mientras él tenga jurisdicción para decidir. Si deja correr el término de 30 días sin proveer, la parte perjudicada estará advertida por el almanaque de que al trigésimo primer día comienza el término para solicitar revisión del Superior. Si bien hemos reconocido el carácter directivo de algunos términos para resolver: el de dictar sentencia —*Rodríguez* v. *Alcover*, 78 D.P.R. 822 (1955); *Bages & Cía., Inc.* v. *Corte*, 65 D.P.R. 218 (1945)—; y para emitirse laudo por el árbitro —*Junta Rel. Trabajo* v. *Corona Brewing Corp.*, 83 D.P.R. 40 (1961); *Junta Rel. Trabajo* v. *Orange Crush*, 86 D.P.R. 652 (1962)—, el concedido al Secretario de DACO para decidir la solicitud de reconsideración, en etapa en que el juzgador se beneficia de hechos determinados y cuestiones adjudicadas, lo que reduce el tiempo y el esfuerzo intelectual para resolver, es compulsorio e improrrogable por expresa calificación legislativa como plazo jurisdiccional, y aun sin mediar tal clasificación el término sería de estricto cumplimiento por la exigencia de que se acabe la demora en la decisión de asuntos de consumidores a cuyo efecto la Asamblea Legislativa ha provisto los medios, en personal de calidad, para que no se excedan los términos.

■ Toda vez que el expediente de este caso revela una práctica administrativa en que la parte perjudicada por la decisión de DACO, como si el término de 30 días fuera directivo, debía esperar meses —más de tres aquí— por la notificación del Secretario para instar revisión, y también la parte favorecida por la misma sufría la otro tanto tardía

adjudicación de su derecho, lo que aquí resolvemos no ha de perjudicar sus respectivos intereses, y a tal fin se difiere la vigencia de la norma ahora enunciada por sesenta (60) días contados desde la fecha de la sentencia.

*Aunque por fundamentos distintos a los de la sentencia revisada, y en consecuencia del efecto prospectivo de lo ahora resuelto, se deniega el certiorari, y se remite la querella a vista ante la agencia administrativa.*

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Rebollo López disintió sin opinión.