ETIENNE TORMOS y D.A.C.O., querellantes y recurrentes, *v.* FREDDIE'S RACING TECHNOLOGY, querellado y recurrido.

*Números:* O-84-687,          *Resueltos:* 26 de febrero de 1985
O-84-700

*Luis O. Dávila,* abogado del peticionario Departamento de Asuntos del Consumidor; *José Ramón Quiñones Coll & Martínez Álvarez; Fernández Paoli Menéndez Monroig,* de *Menéndez Cortada & Lefranc Romero,* abogados de la recurrida Freddie's Racing Technology, Inc.; *Segilfredo Puente Castro,* abogado del peticionario Dr. Etienne Tormos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El Dr. Etienne Tormos, alegando que el aquí recurrido Freddie's Racing Technology le había reparado defectuosamente el motor de un automóvil deportivo de su propiedad, radicó una querella contra este último ante el Departamento de Asuntos del Consumidor (D.A.C.O.). Dicho organismo administrativo, luego de celebrada la correspondiente vista evidenciaria, emitió resolución al efecto ordenándole al querellado a pagarle al querellante una determinada suma de dinero.(¹) Radicada por el querellado la requerida moción de reconsideración y habiéndose reafirmado el D.A.C.O. en la resolución emitida, el primero acudió en revisión ante el Tribunal Superior de Puerto Rico, Sala de San Juan. Dicho foro(²) expidió orden concediéndole término tanto al doctor Tormos como al D.A.C.O. para que mostraran causa por la cual no se debía revocar la decisión emitida por el D.A.C.O. No habiendo comparecido dichas partes en el término concedido, el tribunal de instancia mediante una escueta sentencia al efecto(³) revocó la decisión administrativa emitida.

El D.A.C.O. solicitó la reconsideración de la referida sentencia alegando, en síntesis: (1) que el tribunal de instancia *carecía de jurisdicción* para intervenir en el recurso de revisión radicado por el querellado, por el fundamento de que la moción de reconsideración había sido radicada ante el Departamento fuera del término de diez (10) días requerido por

---

(¹)La suma de $2,497.92 de principal más intereses al seis (6) por ciento anual desde el 12 de mayo de 1982.

(²)Hon. Ángel G. Hermida, Juez.

(³)Sentencia de fecha de 17 de agosto de 1984. La misma, en lo pertinente, lee como sigue:

"El primero de agosto de 1984 dirigimos Orden a las partes concediéndoles plazo para que mostraran causa por la cual no debiera este Tribunal expedir el auto solicitado y revocar la decisión objeto de este recurso. Ha expirado el plazo concedido y ninguna de las partes ha comparecido. Ello deja el camino expedito para dictar sentencia de conformidad con lo sugerido en la Orden de Mostrar Causa.

"Se expide el auto solicitado y se revoca la decisión administrativa objeto del recurso." E.N.P., pág. 1.

la Ley Orgánica del D.A.C.O., y (2) que la parte verdadera-
mente interesada, Dr. Etienne Tormos, no había tenido la
oportunidad de exponer su posición por cuanto no había sido
notificada con la orden de mostrar causa expedida, constitu-
yendo ello una violación al debido procedimiento de ley.

Acogiendo como correctos los argumentos esgrimidos por la
parte querellada en un escrito de oposición que ésta radicara,
el tribunal de instancia ratificó la sentencia revocatoria que
había dictado. Resolvió, en la resolución que a esos efectos
emitió, que era "evidente" la incorrección de la alegación
del D.A.C.O. a los efectos de que la parte querellada había
radicado tardíamente su moción de reconsideración ante dicha
agencia por cuanto "la notificación de la decisión administra-
tiva original no fue efectiva hasta *la fecha de su recibo*".
(Énfasis suplido.) En cuanto al segundo de los argumentos
esgrimidos por el D.A.C.O., no obstante aceptar que la orden
de mostrar causa expedida no fue recibida por el doctor
Tormos, (4) el foro de instancia resolvió en síntesis que, cons-
tituyendo la orden de mostrar causa un mecanismo suma-
mente útil el cual es utilizado, inclusive, frecuentemente por
el Tribunal Supremo de Puerto Rico, no era procedente dejar
sin efecto una sentencia emitida dentro de esta clase de pro-
cedimiento por el mero hecho de que la parte recurrida no
hubiera comparecido a exponer su posición, sobre todo, cuando
el D.A.C.O. no le ha demostrado que la sentencia dictada no
fue la correcta.

Inconforme con lo así resuelto por el tribunal de instancia,
tanto el Dr. Etienne Tormos como el Departamento de Asun-
tos del Consumidor recurrieron ante este Tribunal mediante
la radicación de los correspondientes recursos de *certiorari*.
Consolidamos dichos recursos y le concedimos término a la

---

(4) Dicha orden fue devuelta por el correo al tribunal de instancia. Así
lo acepta dicho foro en una orden que emite de fecha 28 de agosto de 1984
relativa la misma a la moción de reconsideración de sentencia radicada por
el D.A.C.O.

parte recurrida para que mostrara causa por la cual no debíamos revocar la sentencia recurrida. Ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

I

A. De una simple lectura de los Arts. 16 y 17 de la Ley Núm. 5 del 23 de abril de 1973 (⁵) —Ley Orgánica del D.A.C.O.— surge con meridiana claridad que cualquier parte que resulte adversamente afectada por una decisión del D.A.C.O. emitida en un procedimiento cuasi judicial o cuasi legislativo que desee revisar dicha decisión ante la sala correspondiente del Tribunal Superior de Puerto Rico viene obligada, *como requisito previo de carácter jurisdiccional,* (⁶) a radicar una moción de reconsideración ante dicha agencia administrativa dentro del término de diez (10) días, contado dicho término "a partir de la *fecha de notificación* de la decisión". (Énfasis suplido.)

---

(⁵) El citado Art. 16 dispone:

"Cualquier parte adversamente afectada por la decisión del Secretario, o del funcionario que éste designe a tenor con el inciso (d) de la sección 341e de este título, en un procedimiento de naturaleza cuasi judicial o cuasi legislativa deberá, salvo en los procedimientos radicados por la Oficina de Asuntos Monopolísticos, solicitar dentro del término de diez (10) días *a partir de la fecha de notificación de la decisión,* la reconsideración del Secretario. El Secretario tendrá treinta (30) días para decidir la reconsideración solicitada, pasados los cuales, si no ha emitido su decisión se entenderá No Ha Lugar a la reconsideración solicitada, disponiéndose que el Secretario notificará tal hecho a la parte afectada." (Énfasis suplido.) 3 L.P.R.A. sec. 341*o.*

Por su parte, el referido Art. 17 en lo pertinente, establece que:

"(a) Cualquier parte adversamente afectada por una decisión en reconsideración del Secretario o del funcionario que éste designe a tenor con el inciso (d) de la sec. 341e de este título podrá solicitar la revisión judicial de dicha decisión al Tribunal Superior del Estado Libre Asociado de Puerto Rico, en la Sala del Tribunal Superior correspondiente a la residencia del perjudicado, mediante un recurso emitido por el Tribunal a su discreción. La solicitud de revisión deberá ser radicada ante el Tribunal Superior dentro de los quince (15) días a partir de la fecha de la notificación de la referida decisión." 3 L.P.R.A. sec. 341p.

(⁶) *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* 114 D.P.R. 5 (1983).

Como hemos visto, el tribunal de instancia resolvió en la sentencia que emitiera, que ello significa que el referido término de diez (10) días se cuenta a partir de la fecha *del recibo* de la decisión administrativa por parte del perjudicado, rechazando la posición del D.A.C.O. a los efectos de que el citado término se debe contar a partir de la fecha en que la agencia certifica que ha notificado a las partes la decisión emitida.

Admitimos que ambas posiciones constituyen interpretaciones posibles ante el lenguaje utilizado por el legislador. Somos del criterio, sin embargo, que la posición asumida por el tribunal de instancia resulta ser, desde un punto de vista práctico, la menos aconsejable. Ello es así por cuanto en los procedimientos cuasi judiciales que a diario son resueltos por el D.A.C.O. son varias las partes que pueden resultar adversamente afectadas por la decisión que dicho organismo administrativo pueda emitir dentro de un caso en particular. De prevalecer la interpretación del tribunal de instancia podría darse el caso frecuente de tener distintas fechas de recibo de la resolución emitida y, en su consecuencia, diferentes "puntos de partida" en relación con el mencionado término de diez (10) días, situación que causaría un estado de incertidumbre procesal a todas luces indeseable.

Por otro lado, ya desde un punto de vista estrictamente jurídico, constituyendo el referido término para solicitar reconsideración ante la mencionada agencia uno de carácter jurisdiccional, *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* 114 D.P.R. 5 (1983), es mandatorio que dicho término sea uno cierto, único e improrrogable dentro del cual todas las partes envueltas vengan obligadas a radicar la requerida moción de reconsideración. Ello conlleva el rechazo de la contención adicional esgrimida por el recurrido Freddie's Racing Technology, a los efectos de que a esta situación le es aplicable las disposiciones de la Regla 68.3 de las de Procedimiento Civil a los efectos de "añadirle" el período de tres (3) días al

término para radicar la moción de reconsideración estable-cido por el citado Art. 16 de la Ley Núm. 5 de 1973. *Cf. Martínez* v. *Junta de Planificación,* 109 D.P.R. 839 (1980); *Lasalle* v. *J.A.C.L.,* 115 D.P.R. 805 (1984). Véase, en adición, 4 *Wright & Miller, Federal Practice and Procedure* Sec. 1171 (1969).

■ Resolvemos, en su consecuencia, que el término de diez (10) días dentro del cual una parte viene obligada a radicar la moción de reconsideración que requiere el Art. 16 de la Ley Orgánica del D.A.C.O. se cuenta a partir de la fecha en que dicha agencia administrativa certifica haber enviado copia a las partes de la decisión emitida.

B. Curiosamente —y por fundamento ajeno y distinto al alegado por el recurrido Freddie's Racing Technology— la moción de reconsideración radicada ante el D.A.C.O. por la mencionada parte recurrida efectivamente fue radicada en tiempo, teniendo en su consecuencia jurisdicción el tribunal de instancia para intervenir en el recurso de revisión radi-cado. Veamos por qué.

Un examen de los autos revela que el D.A.C.O. notificó su decisión a las partes el día 1ro de noviembre de 1983. Con-forme lo arriba resuelto, la parte aquí recurrida venía obli-gada a radicar la moción de reconsideración en o antes del 11 de noviembre de 1983. Dicho día es un día oficial en Puerto Rico por cuanto se celebra el "Día del Veterano". El 11 de noviembre de 1983 resultó viernes; ello significa que el próximo día hábil de trabajo lo fue el lunes 14 de noviembre de 1983, día en que precisamente fue radicada la moción de reconside-ración. Notificada por el D.A.C.O. la denegatoria de la recon-sideración solicitada con fecha de 5 de diciembre de 1983, ([7]) forzosa es la conclusión de que el recurso de revisión fue radi-

---

([7]) Resolución emitida dentro del "término jurisdiccional" de treinta (30) días que para resolver el mismo tiene el D.A.C.O., según lo resuelto en *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* ante.

cado en tiempo el día 15 de diciembre de 1983, por lo que, repetimos, el foro de instancia tenía jurisdicción para entender en el mismo.

## II

Como bien señala el tribunal de instancia en la resolución que emitiera denegando la reconsideración solicitada por el D.A.C.O., este Tribunal ha estado utilizando con frecuencia el "mecanismo" de la orden de mostrar causa en años recientes. Como expresáramos en *Pueblo* v. *Ruiz Negrón*, 113 D.P.R. 17, 22 (1982), ello lo hemos hecho para "evitar el trámite más complicado y largo de expedir un auto de revisión o de *certiorari*," con el propósito de lograr que "recursos que de ordinario hubiesen tomado muchos meses en resolverse", íd., pág. 23, puedan ser resueltos en pocas semanas. No hay duda que dicho mecanismo procesal, utilizado juiciosa y cuidadosamente, resulta ser de gran ayuda en la función revisora de un tribunal por cuanto "justicia tardía no es necesariamente la mejor justicia". Íd., pág. 24. El fin loable de resolver lo más rápidamente posible los recursos ante su consideración, sin embargo, no puede llevar a los tribunales a resolver erróneamente los mismos. Un análisis de lo acontecido en el presente caso a nivel de instancia nos convence de que la sentencia recurrida, producto la misma de la utilización por el tribunal de instancia del mencionado mecanismo procesal de mostración de causa, no puede prevalecer. Veamos por qué.

Como obvia reafirmación de la doctrina jurisprudencial a los efectos de que la interpretación administrativa de un estatuto por aquellos organismos encargados de ponerlos en vigor *y velar porque sus fines se cumplan* debe merecerle gran peso y deferencia a los tribunales,[8] el legislador

---

(8) Véanse: *M & V Orthodontics* v. *Negdo. Seg. Empleo*, 115 D.P.R. 183 (1984); *Quevedo Segarra* v. *J.A.C.L.*, 102 D.P.R. 87 (1974); *Román* v. *Superintendente de la Policía*, 93 D.P.R. 685 (1966).

dispuso mediante el Art. 17(e) de la Ley Orgánica del Departamento de Asuntos del Consumidor, 3 L.P.R.A. sec. 341p(e), que, entablado recurso de revisión ante la sala correspondiente del Tribunal Superior de Puerto Rico por una parte adversamente afectada por una decisión emitida por dicho departamento, el tribunal "revisará las resoluciones u órdenes del Secretario con base al récord administrativo sometídole *y sólo en cuanto a las conclusiones de derecho;* las *determinaciones de hecho* del Secretario serán *concluyentes* para el Tribunal *si estuvieren sostenidas por evidencia sustancial"*. (Énfasis suplido.)

■ La orden de mostrar causa expedida *en el presente caso* por el tribunal de instancia(⁹) tiene como base un recurso de revisión en donde los ocho (8) errores que se imputan cometidos por la agencia administrativa van dirigidos a atacar e impugnar *determinaciones de hecho* que ésta hiciera en la decisión que emitiera(¹⁰) y donde la alegada "cuestión de

---

(⁹)La referida orden, en lo pertinente, expresa:

"Vista la petición de revisión con sus apéndices y el expediente administrativo elevado por DACO, y considerando además que ni DACO ni la parte querellante se han opuesto a la expedición del auto de revisión, a pesar de que la petición de revisión está presentada desde hace más de seis meses, tengan las partes plazo simultáneo de 15 días para mostrar causa por la cual no deba este Tribunal expedir el auto solicitado y revocar la decisión objeto de este recurso, o en la alternativa tengan el mismo plazo para mostrar causa por la cual no deba este Tribunal expedir el auto solicitado y restar la suma de $1,332.00 de la cuantía que DACO dispuso en su decisión del caso." E.N.P., pág. 55.

(¹⁰)"SEÑALAMIENTO DE ERRORES

"1. Erró DACO al determinar que el valor del automóvil era de $30,000.00.

"2. Erró DACO al determinar que el automóvil fue llevado originalmente al querellado para corregirle una vibración.

"3. Erró DACO al determinar que fue el querellado quien sugirió un balanceamiento del motor.

"4. Erró DACO al determinar que el Sr. Jean Jarrot llevó a cabo el balanceo en concordancia a las especificaciones del querellado.

derecho" planteada depende precisamente de la impugnación que se hace de algunas de esas determinaciones. [11] En otras palabras —atendido el claro mandato legislativo contenido en el antes citado Art. 17(e) de la Ley Orgánica del D.A.C.O. y en vista que de sostenerse las referidas determinaciones de hecho, las conclusiones de derecho realizadas por la agencia son sustancialmente correctas— el éxito o fracaso del recurso que radicara el aquí recurrido ante el tribunal de instancia dependía de la decisión a la que llegara dicho foro respecto a si las determinaciones de hecho realizadas por la agencia están o no sostenidas por evidencia sustancial.

Al momento en que el tribunal de instancia emite su sentencia revocatoria, dicho foro obviamente no tenía ante sí los suficientes elementos de juicio para decidir dicha cuestión por cuanto no contaba ni con una transcripción de la evidencia ni con una exposición narrativa de la prueba. [12] En su conse-

---

"5. Erró DACO al no incluir en sus determinaciones de hechos que al automóvil del querellante se le instalaron un nuevo embriague y plato de presión por el mecánico que instaló el motor en la segunda ocasión.

"6. Erró DACO al no determinar que el motor estaba erróneamente balanceado.

"7. Erró DACO al determinar que el querellado tiene que pagar al querellante la suma de $2,497.92.

"8. Erró DACO al no asignar un perito en la materia al caso y al no conducir una inspección ni antes ni después de la reparación su inspector." E.N.P., pág. 35.

[11] "CUESTIONES DE DERECHO PLANTEADAS

"La cuestión de derecho que se nos plantea en el presente caso es si debe asignarse responsabilidad a una persona que preste servicios de mecánica cuando parte esencial de dichos servicios constituyó en un trabajo realizado por un tercero, el cual trabajo el querellado consignó estaba mal realizado y el querellante insistió en que se aceptare, ello agravado por la falta de inspección." E.N.P., pág. 35.

Dicha "cuestión de derecho" depende específicamente de los señalamientos de error números 3 y 4. Véase escolio 10, ante.

[12] Una transcripción de la evidencia desfilada ante la agencia administrativa aquí en controversia no forma parte integrante de los "documentos" que el Secretario de dicha agencia viene obligado a elevar al tribunal de instancia dentro de los diez (10) días de haberse radicado el recurso. Véase Art. 17(d) de la Ley Orgánica del D.A.C.O., 3 L.P.R.A. sec. 341p(d).

cuencia, tenemos que presumir que dicho foro aceptó como correctas las referidas determinaciones de hecho. Siendo ello así la sentencia revocatoria que emitira no puede prevalecer.

■   Deseamos expresar, por último, que cuando la solución final de un caso requiere un análisis de la evidencia desfilada ante la agencia administrativa, la utilización del mecanismo de mostración de causa, si bien valioso y beneficioso, en ocasiones no resulta ser lo más indicado y apropiado. Ello no significa que los jueces de instancia estén obligados en todo caso a tener ante sí la totalidad del récord administrativo como requisito previo a decidir sobre la corrección o no de la actuación administrativa. Tampoco quiere decir que la utilización de la orden de mostrar causa sea improcedente. Significa que en dichas ocasiones el uso de dicho mecanismo procesal es más limitado y requiere mayor cautela.([13])

Por los fundamentos expresados, *se expide el auto y se dictará sentencia que revoque la dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, en el presente caso y se devuelve el caso al foro de instancia para procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Presidente Señor Trías Monge concurre en el resultado sin opinión.

---

Adviértase, en adición, que de acuerdo con las disposiciones de la Regla 10 de las Reglas Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior, 4 L.P.R.A. Ap. VIII-A, R. 10, la obligación de mostrar la necesidad de una transcripción de evidencia o de una exposición narrativa de la prueba le correspondía, en el presente caso, a la aquí recurrida Freddie's Racing Technology.◈

([13])Esta visión, relativa a la orden de mostrar causa, es compartida por el foro de instancia; en términos parecidos se expresó en la sentencia que con fecha de 21 de agosto de 1984 emitiera en el caso de *Canals* v. *A.C.A.A.*, Civil Núm. 83-4136, sentencia que forma parte del "apéndice" del Recurso O-85-53, *Peña Arán* v. *A.C.A.A.*, 116 D.P.R. 606 (1985), que se encuentra ante nuestra consideración.