HÉCTOR L. ORTIZ GERALDINO, demandante y recurrido, *v.*
SECRETARIO DE HACIENDA, demandado y peticionario.

*Número:* CE-86-727      *Resuelto:* 16 de marzo de 1987

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General, Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar,* abogados de El Pueblo; *Ernesto L. Medina del Valle,* abogado del recurrido.

El Juez Asociado Señor Hernández Denton emitió la opinión del Tribunal.

Nos corresponde resolver cuál es el remedio que tiene un ciudadano para cuestionar una decisión del Secretario de Hacienda que requería el pago de una contribución especial sobre certificados de depósito pagaderos al portador. Al expedir el *certiorari* solicitado por el Procurador General de Puerto Rico, decidimos que el remedio provisto por ley es el recurso de revisión judicial aplicable a las decisiones administrativas.

I

El Sr. Héctor L. Ortiz Geraldino instó demanda contra el Secretario de Hacienda al amparo del Art. 3, de la Ley Núm. 328 de 13 de mayo de 1949 (13 L.P.R.A. sec. 286) conocida como Ley de Procedimiento Judicial Contributivo, en la que impugna la denegación de su solicitud de relevo de la contribución especial impuesta sobre unos certificados de depósito al portador.

El Secretario de Hacienda solicitó la desestimación con el argumento de que el procedimiento a utilizarse para objetar la imposición de dicha contribución especial es el de revisión judicial provisto por la Ley Núm. 1 de 12 de agosto de 1985 (13 L.P.R.A. sec. 2251 *et seq.*) y que no cumplió con las Reglas Aplicables a los Recursos para la Revisión de Decisiones Administrativas ante el Tribunal Superior. 4 L.P.R.A. Ap. VIII-A. Aunque concluyó que la parte demandante no cumplió con estos requisitos, el tribunal de instancia declaró sin lugar

la moción de desestimación y concedió término al demandante para perfeccionarlo.

En vista de la importancia de la controversia que origina este recurso, acogimos el mismo y prontamente lo resolvemos.

## II

■ Mediante la Ley Núm. 1 de 12 de agosto de 1985 se impuso una contribución especial de veinte por ciento (20%) sobre el monto del principal e intereses acumulados por todo certificado de depósito pagadero al portador, 13 L.P.R.A. sec. 2251d. Al aprobar esta medida, la Asamblea Legislativa expuso su propósito de proveerle al Departamento de Hacienda unos instrumentos efectivos para evitar la evasión contributiva mediante los certificados de depósito al portador:

> La legislación contributiva del país contiene disposiciones encaminadas a descubrir y procesar la evasión contributiva. No obstante, carece de procedimientos vigorosos para lidiar con los ingresos que el ciudadano coloca en las instituciones financieras en forma innominada y sobre los que, además, devenga unos intereses que constituyen ingresos y no informa al Departamento de Hacienda. Los certificados de depósito pagaderos al portador, al igual que ciertos valores innominados, se han convertido en un medio utilizado por muchos ciudadanos para obviar en ciertos casos el pago de la contribución sobre ingresos correspondiente a los beneficios que estos valores producen, así como para evitar informar la fuente de donde se han obtenido dichos ingresos. Exposición de Motivos, 1985 Leyes de P.R. 869.

■ Esta legislación establece un procedimiento particular para que una persona adversamente afectada por una decisión del Secretario de Hacienda pueda solicitar reconsideración. En caso de que la decisión en reconsideración le sea adversa, "podrá *solicitar revisión judicial* de la misma ante la Sala del Tribunal Superior correspondiente a la residencia de dicha persona, dentro de los treinta (30) días siguientes a la fecha de notificación de la decisión en reconsideración del Secreta-

rio". 13 L.P.R.A. sec. 2251b. El auto de revisión se expedirá discrecionalmente.

La ley expresamente titula el remedio disponible al ciudadano como un "recurso de revisión judicial" y además provee que "[i]ndependientemente de que se promueva un recurso de revisión judicial, la decisión del Secretario permanecerá en todo su vigor hasta tanto se emita una orden del Tribunal Superior revocándola o modificándola". 13 L.P.R.A. sec. 2251b.

■ Al diseñar el remedio, el legislador estaba consciente de la experiencia de varias décadas con el procedimiento utilizado en las leyes de (1) contribución sobre ingresos; (2) contribución sobre la propiedad mueble e inmueble; (3) contribuciones sobre herencias o donaciones, y las denegatorias sobre los reintegros por cualquier clase de contribución pagada indebidamente o cobrada en exceso. 13 L.P.R.A. sec. 286. Mientras que en esas leyes el remedio es una demanda que se ventila en un juicio ordinario donde el contribuyente cuestiona la determinación de deficiencia mediante demanda, la contribución especial sobre contribuciones a los certificados de depósito al portador provee un procedimiento particular igual al disponible para revisar las decisiones cuasi judiciales de otras agencias administrativas. *Cf.* G. Meléndez Carrucini, *Procedimiento Contributivo de Puerto Rico*, San Juan, Inst. Contribuciones P.R., 1981, págs. 222–223.

Ante este expreso mandato legislativo, prevalece el procedimiento provisto por la ley especial sobre el medio disponible en 13 L.P.R.A. sec. 286. "No debe olvidarse . . . que generalmente, y salvo que apareza claramente que es otra la voluntad legislativa, una ley especial priva sobre una general que cubra la misma materia. *París* v. *Canety*, 73 D.P.R. 403, 406 (1952) ; . . . *Sierra* v. *Tribunal Superior*, 75 D.P.R. 841, 846–847 (1954). . . ." R. B. Bernier, *Aprobación e interpretación*

*de las leyes en Puerto Rico*, México, Ed. Cultura, 1963, pág. 270.

## III

■ La ley especial también dispone que la petición de revisión judicial deberá presentarse dentro de los treinta (30) días siguientes a la fecha de notificación de la decisión en reconsideración del Secretario de Hacienda. En *Tormos & D.A.C.O.* v. *F. R. Technology*, 116 D.P.R. 153 (1985), interpretamos que cuando la Ley Orgánica de D.A.C.O., 3 L.P.R.A. sec. 341p, establece el término de diez días para radicar reconsideración, contado "a partir de la *fecha de la notificación* de la decisión" el "término se debe contar a partir de la fecha en que la agencia certifica que ha notificado a las partes la decisión emitida". (Énfasis en el original.) *Tormos & D.A.C.O.* v. *F. R. Technology*, supra, págs. 157 y 158. De igual forma debe computarse el término de treinta (30) días que provee la ley de contribuciones sobre certificados de depósito para solicitar revisión judicial de una determinación del Secretario de Hacienda.

> No debe perderse de vista, por último, "la doctrina que propone que cuando el legislador provee para que el contribuyente pueda litigar contra el gobierno la reclamación del impuesto que se le formula, está el gobierno renunciando a su inmunidad de soberano. *De ahí nace el principio de que los requisitos que el estatuto exige a tales fines, son de estricto cumplimiento por parte del contribuyente y por lo general de carácter jurisdiccional para los tribunales*". (Énfasis en el original.) *Robert Vizcarrondo* v. *Srio. de Hacienda*, 114 D.P.R. 566, 574 (1983); *cf.* Meléndez Carrucini, *op. cit.*, pág. 3.

En el caso ante nuestra consideración, el Departamento de Hacienda notificó su decisión en reconsideración el 18 de abril de 1986, mientras que el recurrido presentó su recurso el 20 de mayo de 1986. Aunque se acogiera la demanda del recurrido como una petición de revisión judicial, la misma fue pre-

sentada fuera del término que establece la ley, por lo que el Tribunal Superior carecía de jurisdicción para atender la misma.

Por los fundamentos antes expuestos, *procede que se revoque la resolución recurrida y se desestime la acción por falta de jurisdicción.*

El Juez Asociado Señor Rebollo López no intervino.