Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Resolvemos hoy que una segunda moción de reconsideración presentada ante una agencia no interrumpe el término para acudir al tribunal en revisión, aunque al resolver la primera moción la agencia haya reconsiderado su dictamen inicial.
I
Los querellantes-peticionarios, Edwin Trujillo Torres y Mirta Santiago Cosme, presentaron una querella ante *791 el Departamento de Asuntos del Consumidor (DACO) contra la recurrida Ciudad Centro, Inc. En dicha querella alegaron que Ciudad Centro había violado el contrato de compraventa uniforme que ambas partes suscribieron. Luego de celebrada una vista administrativa, DACO emitió y notificó su resolución el 4 de enero de 1995. En su resolución, la agencia determinó que Ciudad Centro incumplió su obligación hacia los querellantes y le ordenó que le pagara a éstos una indemnización por los daños y perjuicios sufridos a causa de dicho incumplimiento de contrato.
Ciudad Centro solicitó reconsideración el 24 de enero de 1995, según lo permite la Sección 3.15 de la Ley Núm. 170 de 12 de agosto de 1988, conocida como la "Ley de Procedimiento Administrativo Uniforme", 3 L.P.R.A. see. 2165. La agencia administrativa acogió el recurso de revisión y emitió una nueva resolución el 21 de febrero de 1995, cuya notificación fue archivada en autos en esa misma fecha. En esta nueva resolución, DACO no cambió su dictamen en cuanto al incumplimiento del contrato, sin embargo reconsideró su posición inicial y cambió de parecer en cuanto a la concesión de daños. Esta actuación afectó adversamente a los querellantes Trujillo Torres y Santiago Cosme, quienes habían resultado victoriosos en la resolución original.
Motivados por este factor, los querellantes radicaron otra moción de reconsideración ante DACO, el 10 de marzo-de 1995. Esa fue la segunda moción de reconsideración ante la agencia. El 28 de marzo siguiente, DACO decidió que la segunda moción de reconsideración improcedente bajo la Sección 3.15, Id. Por lo tanto, la agencia dictaminó que carecía de jurisdicción para entender en ese asunto.
Los querellantes comenzaron a contar su término para acudir en revisión ante el Tribunal de Primera Instancia a partir de la notificación del último dictamen de la agencia, el 28 de marzo de 1995. Ciudad Centro se opuso a la solicitud de revisión judicial y pidió que se desestimara dicho recurso por haberse presentado a destiempo. Luego de analizar el planteamiento de Ciudad Centro, el Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. Francisco J. Viera Cruz, Juez) desestimó la solicitud de revisión de los querellantes-recurrentes, por haberse radicado fuera del término de treinta días que confiere la Ley de Procedimiento Administrativo Uniforme.
Inconformes con dicha sentencia, los querellantes acudieron ante nos por recurso de certiorari presentado el 17 de abril de 1996, en el cual alegaron que la segunda moción de reconsideración fue la primera que ellos presentaron, por lo que entienden que el término para acudir al tribunal comenzó a partir del archivo en autos de la notificación de la última resolución del DACO. El 10 de mayo de 1996, ordenamos a la recurrida expresarse. Esta compareció el 19 de junio de 1996. Analizados los escritos de las partes y sus anejos, así como la ley y las decisiones judiciales aplicables, no podemos avalar la novedosa y desestabilizadora posición de los querellantes-peticionarios.
n
La sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, supra, sec. 2172, establece que la solicitud de revisión judicial se presentará "dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia." Dicha orden o resolución final se define en las Secciones 1.3(f) y 3.14, Id. secs. 2102(f) y 2164, como aquélla que adjudica los derechos u obligaciones, o impone sanciones o penalidades a una persona. Por lo general, la orden o resolución incluye determinaciones separadas de hecho y conclusiones de derecho, es firmada por el jefe de la agencia o funcionario autorizado, y advierte del derecho de la parte afectada a solicitar reconsideración o revisión de la misma.
En la versión original de la Ley de Procedimiento Administrativo Uniforme, el término para solicitar la revisión judicial de la decisión de la agencia no se interrumpía. Sin embargo, mediante la Ley Núm. 43 de 5 de agosto de 1989, se enmendó la sección 3.15, Id. see. 2165, para disponer que "[l]a moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial." Véanse Carabani H/N/C Mona's Mexican Restaurant v. A.R.P.E., 93 J.T.S. 35, pág. 10498, resuelto el 9 de marzo de 1993; Pérez Acevedo v. Superintendente Policía, 126 D.P.R. 810 (1990) (opiniones separadas; no hay opinión del Tribunal); D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Forum, Colombia, 1993, Sec. 8.10, pág. 471. A esos efectos, la Asamblea Legislativa dispuso en dicha Sección 3.15 que *792 el término de treinta días para solicitar la revisión judicial se cuenta "desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración...", o transcurridos noventa días desde que se presentó la moción de reconsideración si la agencia no ha tomado alguna acción respecto a dicha moción en ese mismo plazo de noventa días a pesar de haberla acogido. En cambio, si la moción es denegada de plano, el término para solicitar la revisión judicial empieza al notificarse dicha denegatoria. Si la agencia no toma acción sobre la moción en un plazo de quince días desde su radicación, se entiende que la moción ha sido rechazada de plano y el término para la revisión judicial se cuenta desde que expiran esos quince días. En general, véanse Rivera Rivera v. Municipio de Carolina, 96 J.T.S. 28, resuelto el 6 de marzo de 1996; Pagán Ramos v. F.S.E., 92 J.T.S. 13, pág. 9182, resuelto el 31 de enero de 1992.
Aplicados los términos dispuestos en las Secciones 3.15 y 4.2, supra a este caso, podemos apreciar que la parte recurrida, Ciudad Centro, presentó a tiempo su moción de reconsideración dentro del plazo de veinte días que le confiere la ley. La agencia reconsideró y emitió su resolución el 21 de febrero de 1995, notificando su archivo en autos en esa misma fecha. A partir de ese momento comenzó a correr el término para acudir en revisión Judicial. En lugar de acudir al tribunal en revisión, la parte querellante decidió presentar una segunda moción de reconsideración ante la agencia. DACO, acertadamente, contestó la segunda reconsideración declarándose sin jurisdicción ya que la moción era improcedente en derecho. Para ese entonces, los treinta días para acudir en revisión judicial habían expirado, esperando por alguna contestación de la agencia. Esto hizo que el dictamen en reconsideración del DACO adviniera final y firme antes que se presentara la solicitud de revisión judicial.
Los querellantes tuvieron la opción de acudir al tribunal treinta días luego de emitida la resolución de la agencia, es decir hasta el 23 de marzo de 1995. Sin embargo, la solicitud de revisión judicial no se presentó hasta el 24 de abril de 1995, un mes más tarde de la fecha establecida por ley.
El término de treinta días dispuesto en la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme, supra es jurisdiccional y por lo tanto improrrogable. Méndez Cabrera v. Corp. Urbanizadora Quintas de San Luis, 91 J.T.S. 1, pág. 8258, resuelto el 15 de enero de 1991; Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 D.P.R. 864, 874 (1990). Por ende, el Tribunal estaba obligado a cerciorarse por iniciativa propia de que se hubiera presentado a tiempo la solicitud de revisión pág. 8661, resuelto el 13 de junio de 1991; Soc. de Gananciales v. A.F.F., 108 D.P.R. 644, 645 (1979); López Rivera v. Autoridad de Fuentes Fluviales, 89 D.P.R. 414, 419 (1963); D. Fernández Quiñones, supra, Sec. 9.2, pág. 517. La razón para ello es evidente: No existe discreción para asumir jurisdicción donde no la hay. Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (19805; Maldonado v. Pichardo, 104 D.P.R. 778, 782 (1976).
La sección 3.15 de la Ley de Procedimiento Administrativo Uniforme, supra es clara, "sin ambigüedad de clase alguna...." Rivera Rivera v. Municipio de Carolina, supra pág. 748. Sólo contempla que el término para solicitar la revisión judicial de una decisión administrativa sea interrumpido por una moción de reconsideración. Pagán Ramos v. F.S.E., supra. Resuelta ésta, o concluido el plazo para que sea resuelta, comienza a decursar el término fatal para solicitar la revisión judicial de la decisión de la agencia. Por lo tanto, si este Tribunal concluyera que el término para acudir al tribunal se interrumpió con la presentación de una segunda moción de reconsideración luego de la resolución en reconsideración de la agencia, estaríamos reconociendo una manera de prorrogar un término jurisdiccional. Eso es imposible. Mfrs. H. Leasing v. Carib. Tubular Corp., 115 D.P.R. 428, 430 (1984); Soc. de Gananciales v. A.F.F., supra pág. 647; Autoridad de Fuentes Fluviales, supra págs. 417-419. 
No existe disposición alguna en la ley que nos mueva a pensar que la reconsideración está disponible cada vez que surja una parte perdedora en el procedimiento administrativo. Resolver lo contrario crearía una incertidumbre en el cómputo del término para solicitar revisión, pues habría tantas mociones de reconsideración como dictámenes de la agencia en reconsideración. Cada vez que la agencia reconsiderara un aspecto de su resolución anterior se prorrogaría de nuevo el plazo para acudir al tribunal, con la mera radicación de otra moción de reconsideración. De esa forma, se retrasaría considerablemente la solución final del trámite administrativo, contrario al propósito de la Asamblea Legislativa cuando aprobó la Ley de Procedimiento *793 Administrativo Uniforme. Véase la Sección 1.2 de la Ley de Procedimiento Administrativo Uniforme, supra sec. 2101. Nos parece que es imperativo que las partes tengan un término único, cierto e improrrogable para presentar la solicitud de revisión judicial. E.g. Tormos & D.A.C.O. v. F.R. Technology, 116 D.P.R. 153, 158 (1985). 
ni
La solicitud de revisión judicial de la parte querellante es tardía. El Tribunal de Primera Instancia no tenía jurisdicción para considerarla. Por consiguiente, se expide el auto y se confirma la sentencia recurrida. La solicitud de revisión judicial no fue presentada a tiempo.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA187
1. El recurso adecuado es el de certiorari. Farmacias Moscoso, Inc. v Kmart Corp., 95 J.T.S. 59, resuelto el 10 de mayo de 1995.
2. La Sección 3.15, Id., fue enmendada por la Ley Núm. 247 de 25 de diciembre de 1995, eliminándose el requisito jurisdiccional de presentar una moción de reconsideración ante la agencia para poder solicitar la revisión judicial. Esta enmienda fue efectiva el 1 de mayo de 1995, por lo que la misma no es de aplicación a este caso. De todos modos, la controversia planteada en este recurso no ha perdido vigencia para aquellos casos en que la parte afectada solicita la reconsideración ante la agencia. La Sección 3.15, Id., le exige entonces agotar el procedimiento de reconsideración ante la agencia antes de acudir a este Tribunal.
3. Mediante la enmienda introducida por la Ley Núm. 247, supra se autorizó a la agencia a prorrogar por treinta días adicionales el término para resolver la moción de reconsideración, siempre que exista justa causa para ello. Bajo la versión anterior, dicha prórroga era indefinida si la autorizaba el tribunal. Expirada dicha prórroga, comenzará a contar el término para presentar la solicitud de revisión judicial.
4. El Tribunal Supremo ha llegado a la misma interpretación de la Regla 47 de Procedimiento Civil, que regula la reconsideración en litigios civiles ante los tribunales locales. Ha resuelto que una segunda moción de reconsideración no interrumpe el término para apelar, "porque fuera de los quince días que señala la Regla 47 no procede formularse nuevas mociones de reconsideración contra la sentencia final." Barreto v. Sherris Caribbean, Inc., 92 D.P.R. 859, 864 (1965). Véase también, Builders Ins. Co. v. Tribunal Superior, 100 D.P.R. 401, 404 (1972); A tales efectos, recuérdese que aunque el esquema provisto en la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme, supra es distinto al de la Regla 47, supra; Rivera Rivera v. Municipio de Carolina, supra; lo "sigue como modelo procesal...." Pagán Ramos v. F.S.E., supra.
5. Ese mismo interés estaba detrás del trámite similar que la Ley Orgánica del D.A.C.O. disponía para las mociones de reconsideración ante la agencia. G.M. Overseas Dist. Corp. v. D.A.C.O., 114 D.P.R. 5 (1983).
6. Dispone, en lo pertinente:

"§ 2101. Política pública; interpretación

Las disposiciones de este Capítulo se interpretarán liberalmente, de forma tal que garanticen que los procedimientos administrativos se efectúen en forma rápida, justa y económica y que aseguren una solución equitativa en los casos bajo la ' consideración de la agencia."

7.El Tribunal Supremo ha resuelto que la Sección 3.15, supra no contempla que se presenten dos mociones de reconsideración de un dictamen de una agencia. Según el Tribunal, el remedio que tiene la parte a la que se le deniega una moción de reconsideración presentada a tiempo, es acudir al tribunal en revisión judicial dentro del plazo jurisdiccional provisto en la Sección 4.2, supra. Por ese motivo, declaró fuera de término una solicitud de revisión judicial presentada *794 treinta días después del archivo en autos de la notificación de la resolución de la agencia sobre una segunda moción de reconsideración. Farmacia Arpo, Inc. v. Superfarmacia Mayi, Inc., CE-94-655, Resolución no publicada de 18 de noviembre de 1994. Sin embargo, el Tribunal no lo ha resuelto por la vía de opinión, por lo que su decisión no constituye precedente, aunque nos parece altamente persuasiva. La citamos ya que la propia parte la incluyó en el apéndice de su solicitud de certiorari. Regla 44(d) del Reglamento del Tribunal Supremo de 25 de abril de 1996; Rivera Maldonado v. E.L.A., 119 D.P.R. 74, 80 (1987). Ello no obstante, el Tribunal Supremo no ha resuelto si la norma sería la misma cuando la agencia reconsidere, su decisión original y es una parte distinta la que radica la segunda moción de reconsideración. Nosotros resolvemos hoy, por los fundamentos expuestos en el cuerpo de esta Sentencia, que la regla no varía y esa segunda moción no interrumpe el término jurisdiccional para acudir al tribunal.