Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| CARLA MICHELLE SANTIAGO SANTANA; ET ALS<br><br>Demandante - Recurrido<br><br>v.<br><br>CROMÁTICA, LLC; ET ALS<br><br>Demandado - Peticionario | TA2026CE00212 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2024CV10707<br><br>Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2026.

El Tribunal de Primera Instancia ("TPI") rechazó el planteamiento de una corporación a los efectos de que no fue debidamente emplazada. Según se explica a continuación, declinamos intervenir con lo actuado por el TPI, pues del récord surge que la persona a quien se le entregó el emplazamiento es un "gerente administrativo" a través de quien podía válidamente emplazarse a la corporación.

I.

En noviembre de 2024, la Sa. Carla Michelle Santiago Santana (la "Demandante") y Class Contractor Corp. presentaron la acción de referencia, sobre incumplimiento de contrato (la "Demanda"), en contra de Cromática LLC (la "Corporación" o "Cromática") y del Sr. Jesús Emmanuel Nieves Dalmau (el "Empresario").

La Demandante alegó que, en octubre de 2023, firmó un contrato con la Corporación "para el diseño de la remodelación de su apartamento". Sostuvo que la Corporación "siempre estuvo representada" por el Empresario. Aseveró que "el poco trabajo

realizado [por la Corporación] ha sido deficiente, desorganizado y poco profesional". A causa del "incumplimiento" de los demandados, reclamó compensación por sus gastos, "contratiempos y malos ratos". La Demanda fue posteriormente enmendada.

Luego de varios trámites, en octubre de 2025, la Corporación solicitó la desestimación de la Demanda (la "Moción"). Sostuvo que el emplazamiento no había sido adecuadamente diligenciado, pues se entregó al Empresario, "quien no es oficial, gerente administrativo, agente general ni persona autorizada por nombramiento o designación de ley para recibir emplazamientos a nombre" de la Corporación. Arguyó que el Empresario "no ostenta cargo alguno en la corporación ni posee autoridad para recibir notificaciones a su nombre".

Los Demandantes se opusieron a la Moción. Resaltaron que, sin el Empresario, "no existiría relación alguna entre los demandantes y Cromática". Señalaron que fue el Empresario el "representante de Cromática durante la negociación y el otorgamiento del contrato", y que este era quien único se comunicaba con los demandantes, durante más de un año, en conexión con el desarrollo del trabajo contratado. Véase Anejo 3, Entrada 13 de SUMAC (mensaje electrónico del Empresario a la Demandante indicando que "**al final soy yo el que da la cara y tiene el compromiso con ustedes**") (énfasis suplido). Indicaron que el propio Empresario, al firmar cartas dirigidas a ellos, se identificaba como "**representante**" de la Corporación. Véase Anejo 4, Entrada 13 de SUMAC (énfasis suplido).

La Corporación replicó; admitió que "los demandantes conocen a Cromática gracias al trabajo que [el Empresario] realiza como diseñador para la compañía". Aseveró que el Empresario es solamente un "diseñador contratado por la empresa", y que este no tiene autoridad para representar a la Corporación. Reconoció que,

como diseñador, el Empresario se involucra en el proceso "desde sus etapas iniciales" y luego se mantiene "presente a lo largo de todas las fases del proyecto". No obstante, arguyó que ello "no implica autoridad decisional, poder contractual ni representación corporativa". Planteó que, aunque el Empresario "funja como **representante** ante los clientes de Cromática", ello no "le confiere la autoridad ni la capacidad necesarias para que pueda entenderse que la corporación puede ser emplazada a través de él" (énfasis suplido).

Mediante una Resolución notificada el 9 de diciembre, el TPI denegó la Moción. El 24 de diciembre, la Corporación solicitó la reconsideración de esta determinación, lo cual fue denegado por el TPI mediante una Resolución notificada el 20 de enero de 2026.

Inconforme, el 19 de febrero, la Corporación presentó el recurso que nos ocupa, en el cual reproduce lo planteado en la Moción.

Oportunamente, los demandantes presentaron su postura. Resaltaron que, dadas las funciones del Empresario, según surgen del récord y según admitido por la propia Corporación, era razonable pensar que este transmitiría a sus superiores el emplazamiento dirigido a la Corporación. Incluso, acreditaron que el Empresario había admitido al TPI que le comunicó al agente residente de la Corporación sobre el emplazamiento y la Demanda, pero este respondió que la Corporación "no ha sido válidamente emplazada". Véase Entrada 19 de SUMAC, página 2. Disponemos.

II.

El emplazamiento es el mecanismo mediante el cual los tribunales adquirimos jurisdicción sobre una persona y, a su vez, esta queda notificada de que existe un procedimiento judicial en su contra, y se le requiere comparecer para formular la alegación que corresponda. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462,

480 (2019); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015); *Medina v. Medina,* 161 DPR 806, 818 (2004). De esta forma, la parte demandada tiene la oportunidad de ejercer su derecho a comparecer y a presentar prueba a su favor. *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 30 (2014).

La Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4, es la que reglamenta el proceso y las formalidades del emplazamiento en los pleitos civiles. Reconoce dos métodos para diligenciar el emplazamiento: de forma personal o mediante edicto. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1005 (2021); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Sin embargo, por excepción y en circunstancias específicas, nuestro ordenamiento permite que se utilice el mecanismo del emplazamiento por edicto. *Caribbean Orthopedics, supra.*

En lo aquí pertinente, la Regla 4.4(e) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4(e), permite el emplazamiento personal a una corporación a través de su entrega a "un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado o autorizada por nombramiento o designado por ley para recibir emplazamientos." Véase *Rivera Torres v. Díaz López*, 207 DPR 636 (2021).

III.

Surge de las propias admisiones de la Corporación que el Empresario, por la naturaleza de sus funciones y autoridad, podía recibir emplazamientos dirigidos a la Corporación como un "gerente administrativo".

La norma es que, "para determinar si una persona es administradora o agente general de una corporación a fin de recibir emplazamientos para ésta, se debe atender a los **deberes, funciones**

**y autoridad de la persona y no a su título**". *Hach Co. V Pure Water Systems, Inc.*, 114 DPR 8, 63 (1983) (énfasis suplido). Es decir, debe determinarse si la persona se encuentra "en una posición de suficiente responsabilidad como para que sea razonable presumir que le transmitirá o remitirá a sus superiores el emplazamiento y la demanda". *Quiñones Román v. Cía. ABC*, 152 DPR 367, 376 (2000); *Rivera Torres v. Díaz López*, 207 DPR 636, 652 (2021). Debe tratarse de alguien que, "por su posición o funciones, ostente[] cierto grado de autoridad o capacidad para representar a la corporación". *Lucero v. San Juan Star*, 159 DPR 494, 512 (2003); *Rivera Torres v. Díaz López*, 207 DPR 636, 654-655 (2021).

En este caso, no hay controversia sobre el hecho de que el Empresario, por escrito, se identificaba como "representante" de la Corporación. Tampoco sobre el hecho de que el Empresario fue quien asumió frente a los demandantes completa responsabilidad por el diseño, desarrollo y ejecución del proyecto objeto de la Demanda. Ello consta de las propias comunicaciones del Empresario a los demandantes mientras se realizaba el trabajo contratado.

Por tanto, en atención a las funciones y responsabilidad del Empresario, según sus propios dichos y según admitido por la Corporación, se trata de una persona con capacidad para representar a la Corporación y era razonable presumir que transmitiría el emplazamiento al funcionariado pertinente de la Corporación. De hecho, el propio Empresario admitió ante el TPI que le había transmitido el hecho de la Demanda al agente residente de la Corporación. Por tanto, al tratarse de un "gerente administrativo" bajo la Regla 4.4(e), cuyo lenguaje pertinente no sufrió cambios a raíz de la adopción de las vigentes Reglas de Procedimiento Civil en el 2009, los demandantes podían

válidamente emplazar a la Corporación a través del Empresario, como en efecto lo hicieron.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones