CONFESOR LASALLE RODRÍGUEZ, demandante y recurrido, *v.* JUNTA DE APELACIONES SOBRE CONSTRUCCIONES Y LOTIFICACIONES, ETC., demandadas y peticionarias.

*Números:* O-84-343, O-84-306 *Resueltos:* 13 de noviembre de 1984

*José David Medina Rivera,* abogado de las peticionarias; *Ángel M. Bonnet Rosario,* abogado del recurrido.

PER CURIAM: El aquí recurrido, Confesor Lasalle Rodríguez, solicitó de la Administración de Reglamentos y Permisos (ARPE), Oficina Regional de Arecibo, Puerto Rico, permiso para segregar cuatro (4) solares de una finca de su propiedad, con cabida superficial de catorce (14) cuerdas, sita la misma en el Barrio Guajataca de Quebradillas, Puerto Rico. Luego de los correspondientes trámites administrativos, ARPE denegó la referida solicitud de lotificación. El señor Lasalle radicó, en tiempo, apelación ante la Junta de Apelaciones sobre Construcciones y Lotificaciones. Dicho organismo administrativo, luego de celebrada vista pública al respecto, confirmó la determinación de ARPE mediante Resolución de 26 de octubre de 1983, *la cual fue notificada con fecha de 28 de octubre de 1983.*

Mediante moción fechada 7 de noviembre de 1983 *y depositada en una oficina de correos el día 9 de noviembre de 1983,*(¹) el recurrido Lasalle solicita la reconsideración de la decisión emitida por la referida Junta de Apelaciones. Dicha moción *quedó radicada ante la secretaría de dicho organismo administrativo el 15 de noviembre de 1983.*(²)

La Junta de Apelaciones, mediante orden al efecto, desestimó la moción de reconsideración radicada "por haberse

---

(¹) En otras palabras, *transcurridos doce (12) días* desde la fecha de notificación de la decisión emitida por la Junta de Apelaciones.

(²) O sea, *transcurridos dieciocho (18) días* desde la fecha de notificación de la antes mencionada decisión.

radicado en exceso de los quince (15) días concedidos por ley". Inconforme, el recurrido Lasalle acudió en revisión ante el Tribunal Superior de Puerto Rico, Sala de Arecibo, alegando, en lo pertinente, que había radicado su moción de reconsideración en tiempo por cuanto al caso de autos le eran aplicables las disposiciones de la Regla 68.3 de las de Procedimiento Civil de 1979, a los efectos de "añadirle" al término de quince (15) días prescrito el período de tres (3) días que establece la referida regla.

El tribunal de instancia, a pesar de estar "de acuerdo con la parte apelada [la Junta de Apelaciones] respecto a que el término para solicitar reconsideración, a[u]n en las agencias administrativas, es de carácter jurisdiccional", resolvió que la moción de reconsideración había sido radicada en tiempo por el recurrido Lasalle por cuanto al depositar la misma en el correo el día doce (12) "la moción fue enviada con tiempo suficiente para haber llegado a su destino dentro del término requerido", y que no podía castigarse al recurrido "por el hecho de que el correo haya tardado más del tiempo que normalmente toma". En su consecuencia, devolvió el caso a la Junta de Apelaciones para que considerara y resolviera *en sus méritos* la moción de reconsideración radicada.

Inconformes, tanto la Administración de Reglamentos y Permisos como la Junta de Apelaciones sobre Construcciones y Lotificaciones acudieron ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari*. Mediante Resolución de 14 de junio de 1984 consolidamos ambos recursos y le concedimos al Sr. Confesor Lasalle término para que mostrara causa por la cual no debíamos revocar la decisión emitida por instancia. Ha comparecido. Estando en condiciones de resolver, procedemos a así hacerlo.

La solución a la controversia legal aquí planteada depende de la interpretación que se haga de las disposiciones de los incisos (d) y (e) del Art. 31c de la Ley Núm. 76 de

junio 24 de 1975,(³) ley que creó la Administración de Reglamentos y Permisos y la Junta de Apelaciones sobre Construcciones y Lotificaciones.

Establecen las referidas disposiciones legales que:

§ 72c. *Facultades y deberes de la Junta*

. . . . . . . .

(d) La Junta de Apelaciones podrá considerar una moción de reconsideración que someta cualquier parte interesada o afectada, la Junta de Planificación, o la Administración de Reglamentos y Permisos, en relación con cualquier actuación o resolución que realice o adopte siempre que *dicha moción se radique ante la Junta de Apelaciones dentro de los primeros quince (15) días del depósito en el correo de la notificación de tal actuación o resolución.*

(e) La Junta de Planificación, la Administración de Reglamentos y Permisos, o cualquier parte interesada o afectada por una actuación o resolución de la Junta de Apelaciones *en relación con la cual una petición de reconsideración hubiere sido formulada y denegada, podrá establecer recurso de revisión ante el Tribunal Superior de Puerto Rico*[,] Sala de San Juan o en la Sala cuya jurisdicción comprenda el lugar donde esté ubicado el proyecto, dentro del término de treinta (30) días contados a partir de la fecha del depósito en el correo de la notificación de la denegatoria de la solicitud de reconsideración. (Énfasis suplido.)

En *Martínez* v. *Junta de Planificación,* 109 D.P.R. 839 (1980) —caso en que interpretamos una *disposición legal similar* a las aquí en controversia, referente la misma a la Junta de Planificación(⁴)— resolvimos que el término dispuesto en dicho artículo de ley para radicar una moción de reconsideración, referente la misma a una decisión emitida

---

(³) 23 L.P.R.A. secs. 72c(e) y 72c(d).

(⁴) Su texto lee:

"(a) Cualquier parte afectada por una actuación, decisión o resolución de la Junta de Planificación de Puerto Rico en su función adjudicativa en relación con la cual una petición de reconsideración hubiera sido formulada ante la Junta de Planificación dentro de los primeros treinta (30) días del depósito en el correo de la notificación de tal actuación o decisión y denegada por ésta, podrá entablar recurso de revisión ante el Tribunal Superior de Puerto Rico, Sala de San Juan o la Sala cuya jurisdicción comprenda el lugar donde esté ubicado el proyecto, dentro del término de treinta (30) días naturales contados a partir de la fecha del depósito en el correo de la notificación de la denegatoria de la solicitud de reconsideración." 23 L.P.R.A. sec. 63d(a).

por dicho organismo administrativo, era de carácter jurisdiccional e improrrogable; que dicho término se computaba a partir de la fecha del depósito en el correo de la notificación de la decisión; y que el tribunal no tenía jurisdicción para revisar dicha decisión administrativa cuando la parte recurrente no había agotado el remedio administrativo de la reconsideración.

 Igual solución se impone en el presente caso. Resolvemos, en su consecuencia, que la radicación en tiempo de una moción de reconsideración ante la Junta de Apelaciones sobre Construcciones y Lotificaciones por cualquier parte interesada o afectada por una actuación o resolución de la referida Junta es requisito jurisdiccional previo para poder acudir ante el Tribunal Superior de Puerto Rico en revisión de dicha resolución o actuación; que el período de quince (15) días concedido por el citado Art. 31c(d) de la Ley Núm. 76 es de carácter jurisdiccional e improrrogable; que dicho término se computa a partir de la fecha del depósito en el correo de la notificación de tal actuación o resolución, no siéndole aplicable al mismo las disposiciones de la Regla 68.3 de las de Procedimiento Civil; y que, en aras de una mayor certeza procesal y en correcta interpretación estatutaria, la frase "siempre que dicha moción se radique *ante* la Junta de Apelaciones"[5] significa que se considerará radicada la moción de reconsideración en la fecha en que la misma se radique en la Secretaría de la Junta de Apelaciones sobre Construcciones y Lotificaciones.[6]

Por las razones antes expresadas, *se expide el auto y se dictará sentencia revocatoria de la resolución de 24 de abril de 1984 emitida por el tribunal de instancia.*

---

[5] (Énfasis suplido.) 23 L.P.R.A. sec. 72c(d).

[6] Dispone, en lo pertinente, el Art. 14 del Código Civil de Puerto Rico que cuando "la ley es clara y libre de toda ambigüedad, *la letra de ella no debe ser menospreciada* bajo el pretexto de cumplir su espíritu". (Énfasis suplido.) 31 L.P.R.A. sec. 14.