Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Por las razones que a continuación exponemos, desestimamos el recurso de revisión presentado por el querellado-recurrente por haberse presentado luego de transcurrido el término de treinta (30) días dispuesto para ello en la sección 4.2 de la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), 3 L.P.R.A. see. 2172.
*769 El 10 de octubre de 1996, el Departamento de Asuntos del Consumidor (D.A.C.O.), emitió una resolución ordenando al querellado-recurrente, Francisco Reyes Rivera, a indemnizar al querellante-recurrido, Saulo Cotto Francois, por gastos incurridos por este último en la terminación de una remodelación de su residencia para lo cual Reyes Rivera había sido contratado. Copia de la notificación de la resolución emitida fue archivada en autos el mismo 10 de octubre de 1996. No obstante, se envió por correo al querellado-recurrente cuatro (4) días después.
El 31 de octubre de 1996, el D.A.C.O. recibió una moción de reconsideración enviada a través del correo el 26 de octubre de 1996 por la representación legal del querellado-recurrente. El 7 de noviembre de 1996, el D.A.C.O. declaró no ha lugar la moción de reconsideración presentada por el querellado-recurrente, por tardía. Dictaminó que a la luz de la sección 3.15 de la L.P.A.U., 3 L.P.R.A. see. 2165, la moción presentada por la parte recurrente se presentó luego de haber transcurrido veintiún (21) días desde la fecha de notificación de la resolución. Siendo así, la agencia determinó que carecía de jurisdicción para entender en la misma.
No conforme, el querellado-recurrente presentó el 5 de diciembre de 1996 el recurso que nos ocupa. Solicita que revoquemos la resolución emitida y notificada por el D.A.C.O. el 7 de noviembre de 1996 resolviendo que la agencia carecía de jurisdicción para atender su solicitud de reconsideración. Arguye que, independientemente de que el archivo en autos y la notificación de la resolución aludida tuviera fecha de 10 de octubre de 1996, la misma no fue depositada en el correo hasta cuatro (4) días más tarde, esto es, el 14 de octubre de 1996. Señala, además, que su moción de reconsideración fue remitida por correo el 26 de octubre de 1996, por lo que debió entenderse presentada ante la agencia al ser depositada en el correo. Es a base de las fechas anteriormente indicadas que el querellado-recurrente pretende que determinemos que su moción de reconsideración fue radicada oportunamente. No le asiste la razón.
La sección 3.15 de la L.P.A.U., supra, en lo pertinente a la controversia objeto de este recurso, dispone que:
"La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden." (Enfasis suplido.)
En Figueroa Rivera v. Tribunal Superior, 85 D.P.R. 82, 88 (1962), nuestro Tribunal Supremo contempló el efecto del envío de una sentencia después de la fecha del archivo en autos de copia de su notificación. Adelantó la posibilidad de que al no remitirse copia de la sentencia "dentro del término para apelar o revisar o se enviara tan tardíamente que una parte no tuviera tiempo para preparar una revisión". Allí se expreso que ante tales situaciones, "siempre habría medios para proteger los derechos de una parte así perjudicada". Posteriormente, en Vda. de Carmona v. Carmona, 93 D.P.R. 140 (1966), donde la notificación se envió pasado el término para apelar, el tribunal resolvió que dicho término comenzaría a transcurrir desde el depósito en el correo de la notificación, no desde su archivo en autos. Véase, además, Canales Velázquez v. Converse de P.R., Inc., 92 J.T.S. 9, pág. 9148.
La situación antes nos es distinguible. La notificación de la resolución del D.A.C.O. se depositó en el correo sólo cuatro (4) días después de haberse archivado en autos copia de la notificación de la resolución. El querellado-recurrente tuvo amplia oportunidad de preparar una moción de reconsideración dentro del término de veinte (20) días provisto por la sección 3.15 de la L.P.A.U. De hecho, alega que su moción de reconsideración fue remitida por correo el 26 de octubre de 1996, cuatro (4) días antes de que se venciera el término de veinte (20) días dispuesto para ello. En ausencia de circunstancias extraordinarias que ameriten que el término comience a decursar desde el depósito de la notificación en el correo, la moción de reconsideración debió presentarse dentro del término jurisdiccional de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden que provee la sección 3.15 de la L.P.A.U. Canales Velázquez v. Converse de P.R., Inc., supra, pág. 9149.
Sabido es que el término de veinte (20) días para presentar una moción de reconsideración ante una agencia es uno de carácter jurisdiccional y que dicho plazo se computa a partir del archivo en autos de la notificación de la resolución. Así, en Tormos & D.A.C.O. v. F.R. Technology, 116 D.P.R. 153, 158 (1985), nuestro más alto foro *770 expresó:
"Por otro lado, ya desde un punto de vista estrictamente jurídico, constituyendo el referido término para solicitar reconsideración de la agencia uno de carácter jurisdiccional, G.M. Overseas Dist. Corp. v. D.A.C.O., 114 D.P.R. 5 (1983), es mandatorio que dicho término sea uno cierto, único e improrrogable dentro del cual todas las partes envueltas vengan obligadas a radicar la requerida moción de reconsideración." (Enfasis suplido.)
Por ello es que reiteradamente se ha resuelto que el término adicional de tres (3) días dispuesto en la Regla 68.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R.68.3, sólo aplica a actos que han de realizarse a partir de la notificación y cuando la misma se hace por correo. Dicho plazo no aprovecha a los términos que comienzan a contarse a partir del archivo en autos de una copia de la sentencia. Aquellos que se establecen para apelar, reconsiderar o revisar, incluyendo los relativos a la revisión de las decisiones administrativas, no se amplían por el hecho de que el secretario notifique la sentencia por correo. U.G.T. v. Challenger Caribbean Corp., 126 D.P.R. 22, 31-32 (1990); Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522, 532-533 (1988); Lasalle v. J.A.C.L., 115 D.P.R. 805 (1984).
De otra parte, este Foro apelativo resolvió correctamente en Rivera Pimentel v. Caguas Expressway Motors, Inc., Departamento de Asuntos del Consumidor, Resolución de 27 de abril de 1995, que cuando se utilice el correo para la presentación de una moción de reconsideración la misma tiene que ser recibida por la agencia concernida dentro del término jurisdiccional. El planteamiento del querellado-recurrente en cuanto a la remisión por correo de escritos jurisdiccionales como acto equivalente a su presentación, carece pues de fundamento. 
A tenor de lo anterior, el D.A.C.O. notificó adecuadamente al querellado-recurrente la resolución cuya notificación se archivó en autos por la agencia el 10 de octubre de 1996. Fue igualmente advertido en la resolución de sus derechos, de los términos para presentar su recurso de reconsideración y de revisión, según establecidos en la sección 3.15 de la L.P.A.U. En virtud de todo ello, actuó correctamente el D.A.C.O. al declarar no ha lugar la moción de reconsideración presentada tardíamente por el querellado-recurrente.
Es importante notar que aunque la moción de reconsideración ha dejado de ser un requisito jurisdiccional para recurrir en alzada, aún se requiere que su presentación sea oportuna. Ley Núm. 247 de 25 de diciembre de 1995; Rivera Rivera v. Municipio de Carolina, 96 J.T.S. 28, pág. 747; Aponte Correa v. Policía de Puerto Rico, 96 J.T.S. 157, pág. 383. La sección 4.2 de la L.P.A.U., 3 L.P.R.A. see. 2172, actualmente dispone como sigue:
"Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sección 3.15 de esta Ley de Procedimiento Uniforme del Estado Libre Asociado de Puerto Rico, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración." (Subrayado nuestro.)
La moción de reconsideración que presentó tardíamente el querellado-recurrente ante el D.A.C.O. no tuvo el efecto de paralizar el término para presentar el recurso de revisión ante este Foro. El mismo nunca fue interrumpido. Por ende, ante la ausencia de una presentación oportuna de la moción de reconsideración, el término de treinta (30) días dispuesto en la sección 4.2 de la L.P.A.U., para acudir ante nos en revisión comenzó a decursar el 10 de octubre de 1996, fecha que se archivó en autos copia de la notificación de la resolución emitida por el D.A.C.O. que ordenó al querellado-recurrente indemnizar al querellante-recurrido. De ese modo, el término para la revisión judicial venció el 9 de noviembre de 1996. Siendo así, su presentación ante este foro, el 5 de diciembre de 1996, fue en extremo tardía por lo que procede la desestimación del recurso.
*771 Por las razones que anteceden, se desestima el recurso instado por haberse presentado el mismo luego de haber vencido el término de treinta (30) días que incorpora por referencia la Regla 57 del Reglamento del Tribunal de Circuito de Apelaciones a las disposiciones antes discutidas.
Lo acuerda el tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 183
1. "Sección3.15 -Reconsideración
La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales". Enmendada en 25 de diciembre de 1995, Núm. 247, art. 4, ef. 1 de mayo de 1996.
2. Cabe señalar, que el querellado-recurrente en apoyo de su planteamiento en cuanto al perfeccionamiento de la moción de reconsideración ante el D.A.C.O., pretende que se adopte por analogía la Regla 58 del Reglamento del Tribunal de Circuito de Apelaciones. Dicha Regla se refiere a la notificación del escrito a otras partes, no así a su presentación ante el foro administrativo.