Broco Oliveras, Juez Ponente
*922 TEXTO COMPLETO DE LA RESOLUCION
El peticionario, Charles E. Vega Maldonado, solicita que revisemos una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, denegando una solicitud de relevo de sentencia presentada por el recurrente en un caso sobre divorcio por consentimiento mutuo. La moción de relevo solicitaba que se dejara sin efecto una resolución emitida por el foro de instancia decretando un aumento en la pensión alimentaria estipulada.
Luego de un análisis ponderado del recurso presentado, denegamos la expedición del recurso interpuesto. Veamos los hechos que dan lugar a este recurso y el trámite procesal seguido en este caso.
I
El 14 de octubre de 1992 se dictó sentencia disolviendo, por consentimiento mutuo, el matrimonio habido entre el peticionario-recurrente, Charles E. Vega Maldonado, y la recurrida, Carmen L. Alicea Huacuz en el caso DDI-92-2502. La referida sentencia recoge la estipulación acordada por las partes respecto a una pensión alimentaria de $125.00 mensuales a favor del menor Charles E. Vega Alicea, procreado durante el matrimonio.
La recurrida presentó el 29 de marzo de 1994 una solicitud de aumento de pensión alimentaria. El tribunal sentenciador mediante orden del 17 de mayo de 1994 declaró no ha lugar dicha solicitud de aumento. Inconforme con ese dictamen, la recurrida presentó el 3 de junio de 1994, 17 días después de notificada la orden, un escrito que tituló moción de reconsideración. Eü dicha moción, la recurrida expuso en lo pertinente que las necesidades del menor no sólo han cambiado, sino que también han variado las circunstancias existentes al momento del divorcio lo que justifica en el presente un aumento en la pensión estipulada. Principalmente, indicó que el menor comenzará su curso escolar en agosto de 1994. El Tribunal de Primera Instancia, tras discutir ampliamente dicha solicitud con las partes en una vista celebrada el 16 de febrero de 1995, declaró con lugar la referida moción de reconsideración y acogió la nueva petición de aumento de pensión alimentaria. Mediante resolución del 1ro. de mayo de 1995, aumentó la pensión estipulada de $125.00 a $500.00 mensuales y lo hizo retroactivo al 29 de marzo de 1994.
Así las cosas, el recurrente presentó el 6 de julio de 1995 una moción de relevo de sentencia de conformidad con la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 49.2. En la misma reclamó la falta de jurisdicción del tribunal juzgador por haber acogido la moción de reconsideración presentada por la recurrida luego de haber transcurrido el término de 15 días contemplado en la Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 47. Adujo que el referido término de 15 días era jurisdiccional y, por lo tanto, improrrogable.
Ante este panorama, el 16 de agosto de 1995, el foro de primera instancia emitió una orden concediéndole a la recurrida 20 días para que replicara la moción de relevo de sentencia presentada por el recurrente. El 25 de agosto de 1995 compareció la recurrida mediante escrito de oposición a la referida moción de relevo. En el mismo destacó que su moción de reconsideración fue presentada en tiempo de conformidad con las Reglas 47 (sobre reconsideración) y 68.3 (sobre el plazo adicional cuando se notifica por correo) de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 47 y R. 68.3. *923 El 26 de septiembre de 1995, el tribunal de primera instancia emitió una resolución mediante la cual declaró no ha lugar la moción de relevo de sentencia tras concluir que no aplicaba la antes citada Regla 47 y que habiéndose notificado por correo la resolución del 1ro. de mayo de 1995 el término que tenía la parte afectada para reconsiderar se había extendido tres días adicionales por lo que el tribunal aún conservaba y actuó con jurisdicción cuando resolvió la moción de reconsideración en el caso de alimentos.
Inconforme, el recurrente presentó el 28 de septiembre de 1995 una'moción de reconsideración alegando que la extensión de tres días contemplada en la Regla 68.3 de las de Procedimiento Civil, supra, no aplica a los términos jurisdiccionales, como lo es el término para solicitar reconsideración. En atención a la referida moción de reconsideración, el foro de instancia dictó el 22 de enero de 1996 una orden citando a las partes a una vista para discutir la moción de relevo. La misma fue celebrada el 26 de febrero de 1996. En fecha posterior a la celebración de dicha vista, ambas partes presentaron memorandos de derecho donde sostuvieron íntegramente sus respectivas posiciones.
Finalmente, el 1ro. de octubre de 1996, el Tribunal de Primera Instancia, Sala de Bayamón, por conducto de la Hon. Juez Georgina Dávila Altieri, emitió una resolución declarando no ha lugar la moción de reconsideración y, en consecuencia, declarando nuevamente no ha lugar la mencionada solicitud de relevo de sentencia presentada por el recurrente. En la referida resolución, el foro de instancia concluyó que como la resolución en controversia era interlocutoria y no una sentencia final, el término de 15 días contemplado en la Regla 47 de las de Procedimiento Civil, supra, que es uno jurisdiccional, no le era aplicable. En consecuencia, el término de tres días adicionales contemplado en la Regla 68.3 de las de Procedimiento Civil, supra, extendía el plazo que tenía la aquí recurrente para solicitar reconsideración. Este dictamen tuvo el efecto de mantener en vigor la resolución del 1ro. de mayo de 1995.
Inconforme con dicha determinación, el peticionario-recurrente interpuso el presente recurso de certiorari donde sostiene en lo pertinente que el Tribunal de Primera Instancia erró al solver que su resolución declarando no ha lugar la solicitud de aumento de pensión alimentaria era una orden interlocutoria y no una sentencia final y firme; que, en consecuencia, no le aplicaba el término fatal de 15 días contemplado en la Regla 47 de las de Procedimiento Civil, supra, y que en su lugar, le beneficiaba el término de tres días recogido en la Regla 68.3 de las de Procedimiento Civil, supra, por lo que tenía jurisdicción para atender la moción de reconsideración presentada por la aquí recurrida.
Luego de examinar los hechos del caso y el derecho aplicable, determinamos que no le asiste la razón a la parte recurrente.
II
Antes de entrar a examinar los planteamientos del peticionario-recurrente conviene aclarar el ámbito delimitado por la ley y la jurisprudencia en tomo a la revisión judicial.
Nuestro Tribunal Supremo ha sido enfático al sostener que los dictámenes emitidos por el Tribunal de Primera Instancia merecen nuestra deferencia y respeto. Pueblo v. Somarriba García, 131 D.P.R. _ (1992), 92 J.T.S. 109, a la pág. 9869. Consistentemente ha expresado que el foro apelativo no intervendrá con la apreciación de la pmeba desfilada a nivel de instancia por estar dicho tribunal en mejor posición para aquilatar la misma. Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8, 14 (1987). Tampoco los tribunales apelativos intervendrán con las determinaciones de hecho y adjudicación de credibilidad realizada por el tribunal a quo en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Quiñones López v. Manzano Pozas, 141 D.P.R. _ (1996), 96 J.T.S. 95, a la pág.1305; Rodríguez Amadeo v. Santiago Torres, 133 D.P.R. _ (1993), 93 J.T.S. 106, a la pág.10901, nota 12; Gallardo v. Petiton y V.T.N, Inc., 132 D.P.R. _ (1992); 92 J.T.S. 158, a la pág. 10132; Pérez v. Col. Cirujanos Dentistas de P.R., 131 D.P.R. _ (1992), 92 J.T.S. 124, a la pág. 9943; Torres Ortiz v. Plá, 123 D.P.R. 637, 654 (1989); Valencia, Ex parte, 116 D.P.R. 909 (1986). Conviene destacar que este tribunal tampoco intervendrá para corregir una determinación judicial a menos que se le demuestre que la misma ha sido producto de un abuso de su discreción. Ortiz Rivera v. Agostini, 92 D.P.R. 187, 193-194 (1965).
Constituye un principio rector de nuestro ordenamiento jurídico que la revisión de una sentencia se *924 da contra la decisión del tribunal y no contra sus fundamentos. Toledo Maldonado v. Cartagena Ortiz, 132 D.P.R. _ (1992), 92 J.T.S. 173, a la pág. 10228; Zorniak Air Serv. v. Cessna Aircraft Co., 132 D.P.R. _ (1992), 92 J.T.S. 167, a la pág. 10185. En ausencia de prueba en contrario se presume la corrección de los procedimientos judiciales. Pueblo v. López Guzmán, _ D.P.R. _ (1992), 92 J.T.S. 142, a la pág. 10063.
Los Artículos 143 y 153 del Código Civil de Puerto Rico, 31 L.P.R.A. sees. 562 y 601, esbozan como obligación de ambos padres el proveer alimentos a sus hijos menores de edad, no emancipados. Véanse, además, Art. 4 de la sec. Ill de la Ley Especial de Sustento de Menores (L.E.S.M.), Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. see. 503 (Supl.); López v. Rodríguez, 121 D.P.R. 23, 28-29 (1988); Rodríguez Ávilés v. Rodríguez Beruff, 117 D.P.R. 616, 621 (1986).
Este deber de los padres de alimentar a sus hijos menores de edad está revestido del más alto interés público. Rodríguez Amadeo v. Santiago Torres, 133 D.P.R. _ (1993), 93 J.T.S. 106, a la pág. 10,896; Piñero Crespo v. Gordillo Gil, 122 D.P.R. 246, 257 (1988); López v. Rodríguez, supra, a la pág. 28; Negrón Rivera y Bonilla, Ex parte, 120 D.P.R. 61, 73 (1987); Otero Fernández v. Alguacil, 116 D.P.R. 733,742 (1985); Martínez v. Rivera Hernández, 116 D.P.R., 167 (1985); Guadalupe Viera v. Morell, 115 D.P.R. 4, 10 (1983). La obligación alimentaria tiene su fundamento en el derecho a la vida. Negrón Rivera y Bonilla, Ex parte, supra, a la pág. 72. Véase además, Rodríguez Sanabria v. Soler Vargas, 135 D.P.R. _ (1994), 94 J.T.S. 59, a la pág. 11821.
La cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirá o se aumentará en proporción a los recursos del primero y a las necesidades del segundo. Art. 146 del Código Civil, 31 L.P.R.A. see. 565. Véase, además, Art. 19 de la Sec. IV de la L.E.S.M., supra, 8 L.P.R.A. see. 518 (Supl. 1996). La determinación de la cuantía de los alimentos corresponde al prudente arbitrio de los tribunales, teniendo en cuenta el estado de necesidad del alimentista y la posibilidad económica del alimentante. Guadalupe Viera, supra, a la pág. 14. Como consecuencia de este requisito de proporcionalidad, la cuantía de la pensión se aumenta o reduce a medida que aumenten o disminuyan ambos factores. Guadalupe Viera, supra. Al emitir una determinación a tales efectos, el juzgador deberá salvaguardar el interés público dirigido a proteger el bienestar del menor. Galarza Rivera v. Mercado Pagán, 139 D.P.R. _ (1995), 95 J.T.S. 164, a la pág. 418. Rodríguez Rosado v. Zayas Martínez, 133 D.P.R. _ (1993), 93 J.T.S. 75, a la pág. 10721.
La norma de derecho claramente establecida postula que una estipulación o dictamen judicial sobre pensión alimentaria puede ser modificado siempre que el alimentante o el alimentista demuestre que ha sufrido cambios sustanciales que afecten su capacidad para cumplir o sus necesidades, respectivamente. Véase, Negrón Rivera y Bonilla, Ex parte, 120 D.P.R. 61, 73 (1987). Corresponde al promovente de la modificación de la pensión estipulada demostrar que las circunstancias existentes al momento de fijarse la pensión alimentaria —como en este caso— han cambiado de forma sustancial. Consistentemente nuestro Alto Foro ha sostenido que sólo se modificarán las estipulaciones en tomo a las pensiones alimentarias cuando se le demuestre al tribunal que verdaderamente ha ocurrido un cambio sustancial que afecte la capacidad del alimentante para proveer los alimentos o las necesidades de los alimentistas. Negrón, supra, a las págs. 77-78. La determinación final en cuanto a si se han manifestado los cambios sustanciales alegados queda a la discreción del juzgador. Negrón, supra, a las págs. 76-78.
Los tribunales apelativos deben concederle considerable libertad o discreción a la corte sentenciadora para que ésta fije la cuantía de la pensión alimentaria. García v. Tribunal de Distrito, 69 D.P.R. 517, 523 (1949). Las disposiciones estatutarias dirigidas a regular el área de alimentos deben interpretarse liberalmente a favor de los mejores intereses del menor o alimentista. López v. Rodríguez, 121 D.P.R. 23 (1988). Véase, además, Art. 3 de la Sec. III de la L.E.S.M., supra, 8 L.P.R.A. see. 502 (Sup. 1996).
Las resoluciones fijando pensiones alimentarias de ordinario nunca llegan a ser cosa juzgada. Piñero Crespo v. Gordillo Gil, 122 D.P.R. 246, 258 (1988). En Rodríguez Amadeo, supra, a la pág. 10900, nota 6, nuestro Tribunal Supremo destacó que "los decretos fijando o modificando pensiones *925 alimenticias [sic] previamente vigentes siempre, por su propia naturaleza, son de carácter temporero, provisional o interlocutorio.... No adquieren finalidad". En nuestro Derecho de Familia esto constituye un principio rector. Los decretos judiciales previos sobre pensiones alimentarias pueden ser revisados en cualquier momento por los tribunales de justicia. Véase, Valencia, Ex parte, 116 D.P.R. 909, 913 (1966). Nuestro ordenamiento jurídico reconoce como norma que una sentencia o resolución de alimentos siempre está sujeta a ser modificada de demostrarse que las condiciones han variado y justifican la modificación solicitada. Ex parte Negrón, 120 D.P.R. 61, 77 (1988). Guadalupe Viera v. Morell, 115 D.P.R. 4, 13-14 (1983). Particularmente, la corte sentenciadora tiene la facultad por motivos justificados de modificar sus términos en cualquier momento en cuanto al futuro. García v. Acevedo, 78 D.P.R. 611, 617-618 (1955).
Respecto al plazo adicional cuando se notifica una orden o resolución por correo, la Regla 68.3 de las de Procedimiento Civil, supra, dipone que:
"[sjiempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia." 32 L.P.R.A. Ap. Ill, R. 68.3.
La citada disposición estatutaria concede un término adicional de tres días al período que una parte tiene para tomar alguna acción luego de recibir la notificación de un aviso o escrito por correo, con excepción de aquellos términos que deben ser computados desde el archivo en autos de la copia de la notificación. Véase además, U.G.T. v. Challenger Caribbean Corp., 126 D.P.R. 22, (1990); Gobernador de P.R. v. Alcalde de Juncos, 121 D.P.R. 522, 532 (1988); Cuevas Segarra, Práctica Procesal Puertorriqueña. Procedimiento Civil, Publicaciones J.T.S. Inc., San Juan, 1989, a las págs. 447-448; Wright & Miller, Federal Practice and Procedure: Civil, 2nd Ed., 1987, sec. 1171. Este es el criterio que hasta el momento nuestro Tribunal Supremo ha reconocido para que sea aplicable la citada Regla 68.3. Nótese que la referida disposición estatutaria distingue entre los términos jurisdiccionales y el resto, es decir, los de cumplimiento estricto. Tal diferencia está articulada en función del carácter inmutable de las sentencias finales, característica que no tienen las resoluciones interlocutorias —como la del presente caso — , las cuales, por definición, están sujetas a ser modificadas en cualquier momento antes de que recaiga sentencia definitiva. Véase, Rodríguez Amadeo, supra, a la pág. 10900.
Aunque no hay casos del Tribunal Supremo de Puerto Rico que traten en específico la aplicabilidad de la Regla 68.3 de las de Procedimiento Civil, supra, a la moción de reconsideración en los casos de alimentos, la lectura de la jurisprudencia que ha atendido la mencionada Regla 68.3, sugiere que el término para solicitar la reconsideración de una orden interlocutoria en circunstancias como las del presente caso, por no tener un término jurisdiccional específico en ley, está comprendido dentro de los términos susceptibles de ser extendidos por el término de tres días cuando la notificación de la orden recurrida se realiza por correo. Véase, Cf. Lasalle v. J.A.C.L., 115 D.P.R. 805 (1984); Figueroa Rivera v. Tribunal Superior, 85 D.P.R. 82 (1962). Véase, además, Sánchez Martínez, La Reconsideración de Resoluciones u Ordenes Interlocutorias y de Sentencias Finales, XV Rev. Jur. U.I.A. 367 (1981).
A la luz de estas consideraciones, el recurso de certiorari ante nuestra consideración presenta un caso especial. Para comenzar, el presente caso está permeado del más alto interés público. Esta particular cualidad exceptúa las mociones relacionadas con las pensiones alimentarias del rigor procesal ordinario civil. Como vimos, los dictámenes sobre pensión alimentaria siempre están sujetos a cambio, según varíen las circunstancias del alimentista o del alimentante.
El foro de instancia tiene la autoridad y discreción no sólo para disponer de la modificación deseada sino para hacerla retroactiva a la fecha en que formalmente se solicitó la misma si la prueba así lo justifica. Véase, Valencia, Ex parte, 116 D.P.R. 909, 914 (1986).
Nada en las alegaciones o documentos sometidos por el peticionario-recurrente refuta la razonabilidad de la determinación de instancia. Esta parte no ha demostrado ante el tribunal que en el *926 expediente exista prueba que razonablemente reduzca o menoscabe eí peso de ía evidencia suministrada por la recurrida, hasta el punto de dejar establecido que el tribunal juzgador actuó arbitrariamente. De esta forma es forzoso concluir que el foro de primera instancia no cometió los errores señalados.
Ciertamente, tampoco es nuestra función, a nivel apelativo, pasar juicio sobre la credibilidad de los testimonios ofrecidos en el foro de primera instancia ni debemos sustituir el criterio del juzgador por nuestro propio criterio. Véase, Ramos Acosta v. Caparra Dairy, _ D.P.R. 357, 365 (1982). Como es sabido, la apreciación de la prueba por el foro de instancia debe prevalecer, en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Gallardo, supra, a la pág. 10132. Corresponde a la parte recurrente demostrar la presencia de estos elementos, lo cual no ha hecho.
En ausencia de estos elementos, el recurrente no puede atacar colateralmente la resolución aquí en controversia mediante la presentación de este recurso. Por lo demás, no advertimos en el expediente ninguna circunstancia que amerite intervenir con la decisión del Tribunal de Primera Instancia, Sala Superior de Bayamón, de hacer cumplir la resolución del 1ro. de mayo de 1995 en lo relativo al aumento de pensión alimentaria.
Del análisis anterior, concluimos que la determinación de instancia estuvo dentro del ámbito de su discreción. Nuestro Alto Foro aclaró en Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964), que:
"[e]l concepto legal de la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, sino la obligación de aplicar las reglas del conocimiento distintivo a ciertos hechos jurídicos con el objeto de mitigar los efectos adversos de la Ley, a veces diferenciando unos efectos de otros. Discreción es, pues, una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera, cuando los elementos coactivos de una Ley resultan superiores a los elementos reparadores. La discreción permite salirse un tanto de la Ley en busca de la justicia." Véase además, Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990).
La determinación emitida por el tribunal juzgador aquí recurrido merece nuestra deferencia y respeto.
Con estos antecedentes, se deniega la expedición del auto de revisión solicitado.
Así lo acordó y manda el Tribunal y lo certifica ía Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 32
1. Esta disposición estatutaria será discutida más adelante.
2. El Art. 143 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 562, señala en lo pertinente que " [ejstán obligados recíprocamente a darse alimentos... (2) [l]os ascendientes y descendientes".
3. El Art. 153 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 601, dispone en lo pertinente que " [e]l padre y la madre tienen, respecto de sus hijos no emancipados: (1) [e]l deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho".